T.C. Memo. 2004-180


UNITED STATES TAX COURT


GEORGE A. AND CHRISTINE M. EVAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1312-01.              Filed August 3, 2004.


George A. and Christine M. Evan, pro sese.

<u>Kathleen C. Schlenzig</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


HAINES, <u>Judge</u>:  Respondent determined deficiencies of $4,592
and $6,081 in petitioner George Evan's (Mr. Evan's) and
petitioner Christine Evan's (Mrs. Evan's) Federal income taxes
for 1997 and 1998 (years in issue), respectively.  The issues to
be decided are:  (1) Whether petitioners are entitled to
deductions for unreimbursed employee expenses claimed on Schedule

A, Itemized Deductions, for the years in issue; and (2) whether petitioners are entitled to deductions for expenses claimed on Schedule C, Profit or Loss from Business, for the years in issue.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been deemed stipulated pursuant to Rule 91(f) and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in Valparaiso, Indiana.

Mr. Evan obtained a bachelor of arts degree in economics and business administration, a master of arts degree in economics, a bachelor of business administration degree in management, and a doctor of philosophy degree in management.

Mr. Evan taught business courses at Purdue University but was denied tenure there in April 1991. Mr. Evan subsequently received a Notice of Non-Renewal of Contract with Purdue University on April 29, 1991. Mr. Evan's employment with Purdue University expired on June 30, 1992. Mr. Evan did not teach any courses or provide any other services to Purdue University or any

affiliate of Purdue University from January 31, 1992, through the years in issue.

Mr. Evan became eligible for long-term disability benefits from Purdue University on or about June 18, 1992.  Mr. Evan received benefits under this plan from June 18, 1992, through the years in issue.

During the years in issue, petitioners had four children. During this period, Mr. Evan was the primary caregiver for the two youngest children.

On petitioners' Federal income tax return for 1997, Mr. Evan listed his occupation as "Professor", and Mrs. Evan listed her occupation as "Claims Authorizer".  Petitioners claimed a deduction for Schedule A unreimbursed employee expenses of $26,900, consisting of travel expenses, union and professional dues, and professional subscriptions, but reported no wages from Purdue University or any other source for any services performed by Mr. Evan as a professor.  The only wages reported were from Mrs. Evan's work with the Social Security Administration.

Mr. Evan organized the Center for Real Estate Services, Inc., and was its sole employee.  Neither Mr. Evan nor the Center for Real Estate Services, Inc., listed, showed, sold, or facilitated the sale of any real estate or received any remuneration for listing, showing, selling, or facilitating the sale of any real estate from January 31, 1992, through the years

in issue.  On their 1997 tax return, petitioners claimed a deduction for Schedule C business expenses of $17,809, consisting of advertising expenses, car and truck expenses, office expenses, taxes and licenses, and travel expenses.  Petitioners listed Mr. Evan's profession on the Schedule C as a "Licensed Real Estate Broker & State Certified Appraiser".  Petitioners reported no income on the Schedule C from any business activities.

On petitioners' tax return for 1998, Mr. Evan listed his occupation as "Professor", and Mrs. Evan listed her occupation as "Claims Authorizer".  Petitioners claimed a deduction for Schedule A unreimbursed employee expenses of $31,445, consisting of parking fees, tolls, transportation, travel expenses, business expenses, union and professional dues, professional subscriptions, and job search costs, but reported no wages from Mr. Evan's occupation as a professor.  Petitioners reported wages from Mrs. Evan's employment with the Social Security Administration.  Petitioners also claimed a deduction for Schedule C business expenses of $6,752, consisting of advertising expenses, car and truck expenses, depreciation, office expenses, expenses for supplies, and travel expenses.  On the Schedule C, Mr. Evan listed his principal business as "RE Broker, Appraiser" but did not report any income from any business activities.

Mr. Evan did not have interviews scheduled for any of the job-hunting trips for which petitioners claimed expense

deductions on the Schedules A for 1997 and 1998.  Further, before departing for such trips, Mr. Evan did not make any effort to determine whether the person with whom he desired to speak regarding job opportunities would be available.

Petitioners did not own or operate a business during the years in issue and were not self-employed during that period.

On October 23, 2000, respondent sent petitioners a notice of deficiency for 1997 and 1998, disallowing, inter alia, the itemized deductions for unreimbursed employee expenses and the Schedule C business expenses for 1997 and 1998.  Respondent explained that the unreimbursed employee expenses "did not meet the requirements for allowable job-hunting expenses" and "it has not been established that these [Schedule C business expenses] were ordinary and necessary trade or business expenses or expended for the purpose designated."

On January 22, 2001, petitioners mailed a petition to the Court disputing the disallowances.[1]

On February 12, 2001, petitioners had a fire at their residence, resulting in damages of over $500,000.  Although petitioners searched through the rubble to try to find the records for 1997 and 1998, none were found.  Petitioners did not

---

[1]  In the notice of deficiency respondent also disallowed a portion of the medical expenses.  Petitioners did not raise this issue in the petition, and we deem it conceded.  See Rule 34(b)(4).

contact any third party in order to reconstruct the records for 1997 and 1998.

Because of the fire in petitioners' residence and the damage that resulted, the parties stipulated summaries of information petitioners provided during respondent's audit to support the claimed expense deductions reported for 1997.  These summaries reported a description of each expense, the expense amount, and the type of support that petitioners provided to respondent's auditor.  The parties did not provide any summaries for 1998.

The summaries reported that in 1997 petitioners took at least 60 job-hunting trips, mostly in Illinois, starting with Augustana College in January 1997 and ending with University of St. Francis in December 1997.  Petitioners reportedly visited each Illinois school in alphabetical order.  For each school visited in Illinois, petitioners reported a mileage of 180 miles and $4 for tolls and parking.

The other expenses reported in the summaries for petitioners' Schedule A for 1997 included a fee for a basic membership to the American Federation of Police, the cost of a copy of "Wildlife", the cost of a book titled "Eat Right Live Longer", a subscription to the "Men's Health Book Service", and expense amounts for "Magazine/Newspaper" and "Books".

The reported Schedule C expenses for 1997 which petitioners supported with receipts to respondent's auditor included

advertising expenses, listed generally as "Postage" or "P.O. Box Rental"; office expenses, also listed generally in categories such as "Supplies", "Computer Ware", and "Telephone"; and a fee to the Office of Banks and Real Estate, State of Illinois. The summaries did not report the purpose of any of the expenses listed.

OPINION

## I. Burden of Proof

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a). This rule, however, is subject to the provisions of section 7491(a), under which the burden of proof may, under certain circumstances, be shifted to the Commissioner.

On the basis of the record, we hold that section 7491(a) does not operate to place the burden of proof on respondent because: (1) Petitioners did not introduce credible evidence with respect to any factual issue relevant to ascertaining their liability; (2) petitioners did not comply with the requirements to substantiate their deductions; and (3) petitioners did not maintain all records required. Sec. 7491(a); see Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioners argue that they did provide credible evidence and complied with the substantiation and record-keeping requirements of the Code.  We disagree.

The legislative history of section 7491 defines "credible evidence" as "the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness)." H. Conf. Rept. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995; see Higbee v. Commissioner, supra at 442.  On the basis of the record, we conclude that petitioners failed to meet this standard.

Most of the expense deductions reported in the stipulated summaries for 1997 were substantiated only by petitioners' oral or written testimony, which we deemed not credible, as discussed below.  Further, when records had been provided to respondent's auditor, petitioners did not submit credible evidence that the purpose of the expenses was other than personal.  We further note that no summaries were provided for 1998.

After the fire in their residence, which occurred after respondent's audit and the issuance of the notice of deficiency, petitioners searched through the rubble to try to find the records for 1997 and 1998, but none were found.  Petitioners did not contact any third party to assist in the record

reconstruction.  As a result, we find that petitioners did not offer into evidence a reasonable reconstruction of their expenditures.

We conclude that petitioners did not introduce credible evidence or comply with the substantiation and record-keeping requirements of the Code, and the burden of proof does not shift to respondent under section 7491(a).

## II.  Claimed Expenses

In the notice of deficiency, respondent disallowed deductions for the reported expenses because petitioners did not establish that the reported expenses were ordinary and necessary trade or business expenses or expended for the purpose designated and they did not meet the requirements for allowable job-hunting expenses.  Petitioners dispute these determinations and further argue that expenses incurred by Mr. Evan as a professor are deductible and the expenses have been substantiated by adequate records.  We address each of these arguments below.

### A.    Schedule C Expenses

On the Schedules C for 1997 and 1998, petitioners claimed business expenses for advertising, car and truck expenses, depreciation, taxes and licenses, office expenses, supplies, and travel but reported no income on the Schedules C from any business activities, specifically Mr. Evan's profession as a real estate broker.

During the trial, petitioners stated that they did not own or operate a business during the years in issue and that they were not self-employed during that period.

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he has complied with the specific requirements for any deduction he claims. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under section 162, a taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Sec. 162(a). Although the term "trade or business" is not precisely defined in section 162 or the regulations promulgated thereunder, it is well established that in order for an activity to be considered a taxpayer's trade or business for purposes relevant here, the activity must be conducted "with continuity and regularity" and "the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

On the basis of the record, we conclude that Mr. Evan was not in the trade or business of real estate during the years in issue, as reported on the Schedules C. We base this conclusion on petitioners' testimony that they did not own a business and were not self-employed during the years in issue, and on the record which reflects that Mr. Evan has been receiving long-term

disability benefits since 1992 and that Mr. Evan was a primary caregiver during the years in issue. The record reflects that only Mrs. Evan was engaged in any income-producing activity during the years in issue, and that she was employed rather than self-employed in a business of her own. As a result, we conclude that petitioners are not entitled to deductions for the Schedule C business expenses under section 162(a) because neither Mr. Evan nor Mrs. Evan was in a reported trade or business, or in a Schedule C trade or business, during the years in issue.

B.   Mr. Evan's Employment Status

On brief, petitioners argue that the Schedule C expenses should have been reported elsewhere on their tax returns, presumably Schedule A, because, they argue, Mr. Evan was still an employee of Purdue University. Petitioners argue that the reported expenses relate to Mr. Evan's trade or business as a professor. Petitioners base their assertion on Mr. Evan's possession of a Purdue University identification card, dated July 23, 2003, which states: "This is to identify George E. Evan and to extend the same staff privileges as those available to an employee of Purdue University."

There is no evidence on the record that would lead us to agree with petitioners' assertion that Mr. Evan was employed by Purdue University during the years in issue. The identification card only states that Mr. Evan is entitled to the privileges

available to an employee of the university, not that Mr. Evan is an employee.  Further, the parties stipulated that:  (1) Mr. Evan's employment with Purdue University expired on June 30, 1992; (2) Mr. Evan did not teach any courses or provide any other services to Purdue University or any affiliate of Purdue University from January 31, 1992, through the years in issue; and (3) Mr. Evan received long-term disability benefits from the university from June 18, 1992, through the years in issue.  As a result, we conclude that Mr. Evan was not an employee of Purdue University during the years in issue, and, therefore, petitioners are not entitled to a deduction for expenses claimed to have been incurred in such employment.

C.   Job-Hunting and Education Expenses

Petitioners argue that respondent erred in disallowing the job-hunting and education expenses reported because they were connected with Mr. Evan's trade or business of being a professor. We disagree.

The deductible expenses allowable under section 162(a) include those incurred in searching for new employment in the employee's same trade or business.  Cremona v. Commissioner, 58 T.C. 219, 222 (1972); Primuth v. Commissioner, 54 T.C. 374, 379 (1970).  If the employee is seeking a job in a new trade or business, however, the expenses are not deductible under section 162(a).  Frank v. Commissioner, 20 T.C. 511, 513 (1953); Hobdy v.

Commissioner, T.C. Memo. 1985-414; Evans v. Commissioner, T.C. Memo. 1981-413. During temporary periods of unemployment, job-hunting expenses can be considered and deducted as trade or business expenses if the expenses are incurred during "a reasonable period of transition" between leaving one position and obtaining another. Haft v. Commissioner, 40 T.C. 2, 6 (1963); see also Sherman v. Commissioner, T.C. Memo. 1977-301.

Education expenses may also be deductible trade or business expenses under section 162(a) if the education for which the expenses are made maintains or improves the skills required in the taxpayer's employment or other trade or business. Sec. 1.162-5(a), Income Tax Regs.

As relevant here, if unemployed, a taxpayer can still be engaged in a trade or business if he was previously involved in or actively seeks to return to that trade or business. Haft v. Commissioner, supra. Amounts spent to prepare for the resumption of business at some indefinite time are not deductible, and mere membership in good standing in a profession does not constitute carrying on of a trade or business. Reisinger v. Commissioner, 71 T.C. 568, 572 (1979) (citing Owen v. Commissioner, 23 T.C. 377, 381 (1954)). An important factor in determining whether a taxpayer is still in a trade or business during a period of unemployment is whether the taxpayer's absence from the trade or business is temporary or indefinite. See Haft v. Commissioner, supra; Sherman v. Commissioner, supra.

Mr. Evan could not prove with other than oral testimony that he was actively seeking to return to the trade or business of being a professor during the years in issue. Having observed petitioners' demeanors at trial, we do not find their testimony to be forthright and credible in light of the evidence on the record. The record reflects that: (1) Mr. Evan has not been employed by Purdue University since June 30, 1992; (2) Mr. Evan has not taught any courses or provided any other services to Purdue University or any affiliate of Purdue University since January 31, 1992; (3) Mr. Evan has received long-term disability benefits from the university since June 18, 1992; and (4) Mr. Evan was the primary caregiver for his youngest children during the years in issue. Further, the parties stipulated that Mr. Evan did not have interviews scheduled for any of the job-hunting trips, and, before departing for such trips, Mr. Evan did not make any effort to determine whether the person with whom he desired to speak regarding job opportunities would be available.

We also note that 5 years had passed from the time of Mr. Evan's termination with Purdue University to the years in issue. We do not find the length of time between Mr. Evan's termination and the reported job-hunting trips a "reasonable period of transition" in light of the evidence on the record.

As a result, we conclude that Mr. Evan was not actively pursuing a return to the trade or business of being a professor and his absence from that trade or business was, at least, indefinite. Because Mr. Evan was not in the trade or business of

being a professor during the years in issue, petitioners are not entitled to deductions for claimed expenses on the basis of a job-hunting or education purpose.

D.    Substantiation of Expenses

In any event, petitioners argue that the expenses were substantiated with adequate records.  We disagree.

Under section 162, a taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business if the taxpayer maintains sufficient records to substantiate the expenses.  Secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs.  The taxpayer bears the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  As a general rule, no deductions are allowed for personal, living, or family expenses.  Sec. 262(a).

If a taxpayer has established that deductible expenses were incurred but has not established the amount of those expenses, we may estimate the amount allowable (Cohan doctrine).  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  There must be evidence in the record, however, that provides a rational basis for our estimate.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

In the case of travel expenses and expenses paid or incurred with respect to listed property, e.g., passenger automobiles, section 274 overrides the Cohan doctrine, and expenses are deductible only if the taxpayer meets the section's stringent

substantiation requirements.  Secs. 274(d), 280F(d)(4); <u>Sanford</u>

<u>v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d

Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed.

Reg. 46014 (Nov. 6, 1985).

Section 274(d) specifically provides:

SEC. 274(d) Substantiation Required.--No deduction
or credit shall be allowed--

(1) under section 162 or 212 for any
traveling expense (including meals and lodging
while away from home),

(2) for any item with respect to an activity
which is of a type generally considered to
constitute entertainment, amusement, or
recreation, or with respect to a facility used in
connection with such an activity,

(3) for any expense for gifts, or

(4) with respect to any listed property (as
defined in section 280F(d)(4)),

unless the taxpayer substantiates by adequate records
or by sufficient evidence corroborating the taxpayer's
own statement (A) the amount of such expense or other
item, (B) the time and place of the travel,
entertainment, amusement, recreation, or use of the
facility or property, or the date and description of
the gift, (C) the business purpose of the expense or
other item, and (D) the business relationship to the
taxpayer of persons entertained, using the facility or
property, or receiving the gift.  * * *

The section "contemplates that no deduction or credit shall be

allowed a taxpayer on the basis of such approximations or

unsupported testimony of the taxpayer."  Sec. 1.274-5T(a),

Temporary Income Tax Regs., <u>supra</u>.

In order to substantiate a deduction by means of adequate

records, a taxpayer must maintain a diary, log, statement of

expenses, trip sheet, or similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expense or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Thus, no deduction for expenses under section 274(d) may be allowed on the basis of any approximation or the unsupported testimony of the taxpayer. See, e.g., Murata v. Commissioner, T.C. Memo. 1996-321; Golden v. Commissioner, T.C. Memo. 1993-602.

When a taxpayer's records have been destroyed or lost because of circumstances beyond his control, however, he is generally allowed to substantiate the deductions by a reasonable reconstruction of the expenditures or uses. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1987). If no other documentation is available, we may, although we are not required to do so, accept the taxpayer's testimony to substantiate the deduction. See Boyd v. Commissioner, 122 T.C. 305, 320 (2004); Watson v. Commissioner, T.C. Memo. 1988-29. Having observed petitioners' demeanors at trial, we find their testimony not to be forthright and credible regarding the substantiation of the deductions.

At trial, the Court advised petitioners on several occasions that the purpose of the trial was for petitioners to substantiate the deductions by placing facts on the record that the Court can look to in rendering its decision. Other than the parties' stipulations, petitioners failed to introduce further probative

evidence at trial and presented only legal arguments to the Court.

As noted above, because of the fire in petitioners' residence and the damages that resulted, the parties stipulated summaries of information provided by petitioners during respondent's audit to support the claimed expense deductions reported for 1997. The parties did not stipulate any summaries for 1998.

We find that the summaries are inadequate to substantiate the claimed deductions. For example, we find petitioners' use of the same mileage and parking fee for each school visited and their claim that they visited each school in alphabetical order implausible. Also, as support for the travel expenses, petitioners provided, for the most part, their own written and oral testimony. For the few receipts that were provided for the trips (most notably, two trips to Florida taken in mid-March and late December), petitioners offered only testimony that the trips were for the purpose of job-hunting or continuing education. We find that petitioners' proffered testimony does not qualify as reasonable secondary evidence to replace that required by the stringent record-keeping rules of section 274(d).

Petitioners argue that these expenses were necessary for Mr. Evan to maintain and improve his skills as a professor and to keep his real estate license active, a requirement for teaching real estate and appraising. Although, according to the summaries, petitioners did provide receipts for some expenses, we

do not conclude that petitioners established that these expenses were for anything other than "personal, living, or family" purposes.  See sec. 262(a).  As concluded above, Mr. Evan was not in a trade or business as a professor or real estate broker during the years in issue.  Mr. Evan was the primary caregiver for his youngest children during the years in issue.  As a result, we conclude that the reported expenses for 1997 have not been sufficiently substantiated and hold that petitioners are not entitled to deductions for these expenses for 1997.

As noted above, the parties provided no summaries as to the expenses reported for 1998, and petitioners provided no further substantiation of these expenses on the record.  Therefore, we also hold that petitioners are not entitled to a deduction for these expenses for 1998.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.