OPINION Rattm, Judge: The Commissioner’s disallowance of deductions for expenses aggregating $11,670.61 in 1958 raises two principal issues: Whether petitioner was engaged in business in 1958, and, if so, whether the challenged expenditures were proximate! y related thereto. The fact that the expenditures were made is not in dispute. 1. Petitioner has spent virtually his entire adult life in the costume jewelry business, and during the period 1932-56 he served as a salesman for Coro, Inc. He worked primarily on a commission basis, earning as much as $60,000 a year, and paying his own expenses. His territory was the southern part of the United States. His principal customers were the large department stores and specialty shops. He dealt with the buyers for those establishments, and had fostered their goodwill over the years through entertainment and gifts. Upon termination of his connection with Coro, Inc., he continued his personal contact with the southern territory and dealt with many of the same customers in behalf of Kramer Jewelry Creations, Inc. However, his connection with Kramer was short-lived. He and Kramer came to a parting of the ways in the fall of 1957. Petitioner nevertheless still regarded himself as being in the costume jewelry business and actively sought other connections. Meanwhile, he continued to maintain his contacts with his customers, through correspondence, telephone, etc., and continued to entertain the buyers and other representatives of the stores with which he had dealt. The maintenance of their goodwill was a matter of the highest importance to him. Plainly, petitioner did not cease to be in the costume jewelry business in 1957 and 1958 merely because he temporarily had no merchandise to sell. It was a period of transition in which he was actively seeking another connection that would enable him to continue to serve the same customers with whom he had previously dealt. We think that the respondent’s position that petitioner was not carrying on a trade or business in these circumstances gives an unduly narrow interpretation to the statute. His failure to make sales in 1958 by reason of his temporary lack of access to a source of costume jewelry to sell is not controlling. Cf. Walter G. Morley, 8 T.C. 904, 915-916. This case is to be sharply distinguished from Henry G. Owen, 23 T.C. 377, where a Government employee living in Washington, D.C., from 1944 to 1954 made expenditures in 1947 to maintain a law office in North Dakota in anticipation of resuming his law practice at some indefinite future time after completing his Government service. The present case more closely resembles that of a worker who is temporarily unemployed and who continues to pay his union dues while looking for another job. In such situations the taxpayer should be allowed to deduct those expenses properly referable to his trade or business which, we hold, did not cease to exist during a reasonable period of transition. And in the context of the present case, where petitioner was actively seeking a suitable connection commensurate with his status in the costume jewelry field, we think that the period of transition was a reasonable one. We turn therefore to the question whether the expenditures in controversy were proximately related to petitioner’s business. 2. The mere fact that petitioner made the expenditures in question does not, of course, entitle him to deduction therefor. He must show that they were proximately related to his business. We are reasonably satisfied that the items described as “Entertainment of buyers,” “Gifts to buyers,” and “Liquor gifts” were in fact related to promoting the goodwill of buyers for the establishments with which petitioner had been doing business over the years, and are deductible. On the other hand, expenses allocable to petitioner in the amount of $2,736.58 in respect of a 3-month sojourn in a resort setting in Florida at the height of the winter season stand on a different footing. We are far from satisfied that this item is other than personal, and, to the extent that any portion of it may be referable to investigating the purchase of an interest in some business or in some real estate venture such amount would not in any event be deductible. Hyman Myers, 38 T.C. 658, 666; John F. Koons, 35 T.C. 1092, 1101; Eugene H. Walet, Jr., 31 T.C. 461, 471, affirmed per curiam 272 F. 2d 694 (C.A. 5); Morton Frank, 20 T.C. 511, 513. Some of the remaining smaller items, such as telephone, postage, stationery, and organization dues, appear to be deductible. On the other hand, the record fails to contain convincing evidence supporting the large proportion of country club and automobile expenses which petitioner has allocated to business. So too, the allocation of one-third the rent of a five-room apartment is excessive. The case calls for the application of the familiar Cohan rule (39 F. 2d 540, 544), and, using our best judgment, we have found that out of a total of $11,670.61 expenses in question, $5,200 represents ordinary and necessary business expenses, deductible by petitioner in 1958. Decision will be entered under Bule 50.