MAC BUCKNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buckner v. Commissioner
Docket No. 9113-77
United States Tax Court
T.C. Memo 1981-165; 1981 Tax Ct. Memo LEXIS 578; 41 T.C.M. (CCH) 1230; T.C.M. (RIA) 81165; April 7, 1981. Mac Buckner, pro se. David M. Kirsch, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case *579 was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court, 69 T.C. XV (1976). [1] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency in the amount of $ 2,758 in petitioner's Federal income tax and an addition to tax under section 6653(a) [2] in the amount of $ 137.90 for 1974. At issue are: (1) Whether petitioner is entitled to a deduction under sections 162 and 274 for certain traveling expenses and (2) whether part of petitioner's underpayment of tax (if any) is due to negligence or intentional disregard of rules and regulations. [2]
*580 FINDINGS OF FACT There is no stipulation of facts. The facts contained in petitioner's answers to respondent's request for admissions and respondent's answers to petitioner's request for admissions filed herein are, to the extent that they constitute admissions, so found. See Rule 90(e), Tax Court Rules of Practice and Procedure.
Petitioner is an unmarried person who resided at Hallandale, Florida, at the time he filed his petition herein. Petitioner was in the ladies' ready-to-wear business on his own account in New York for 25 years prior to 1965. He went out of that business in 1965 and moved to Florida in 1973. From 1965 to 1973, he performed sales services for various companies in the garment industry operating out of New York and, from 1973 through the year at issue, for Yam International, Inc. operating out of Miami. At the same time, he traveled to see and maintain contact with people with thom he might do business in the event that he ever went back into business on his own again. Petitioner did not make or maintain records of the business purposes with respect to his expenditures for travel in the year at issue other than those for which he received reimbursement *581 from Yam International, Inc. He was not negligent, however, nor did he intentionally disregard respondent's rules or regulations in failing to keepo such records. OPINION Respondent disallowed petitioner's claimed deduction for traveling expenses on the grounds that (a) petitioner did not establish that they were ordinary and necessary business expenses and (b) they were not verified as required by section 274. The expenses which petitioner incurred on behalf of and for which he was reimbursed by Yam International, Inc. (which are not reflected on his return) are not in issue. We are concerned solely with his unreimbursed expenditures incurred to maintain contact with people with whom petitioner might do business should he ever go back into business on his own account. Section 162(a) allows a deduction for ordinary and necessary business expenses. Whether activities carried on by an individual are to be characterized as those of a trade or business under section 162(a) is a question of fact. E.g., Ford v. Commissioner, 56 T.C. 1300, 1307 (1971), affd. 487 F.2d 1025 (9th Cir. 1973); Reisinger v. Commissioner, 71 T.C. 568, 572 (1979). *582 In order for an expenditure to be deductible as a business expense, it must relate to activities which amount to the present carrying on of an existing business. Reisinger v. Commissioner, supra; Koons v. Commissioner, 35 T.C. 1092, 1100 (1961). Expenses such as these are deductible under section 162 if they are incurred during a temporary period of transition in which the taxpayer is actively seeking to continue to serve the same customers with whom he previously dealt. Haft v. Commissioner, 40 T.C. 2 (1963). Expenditures made in anticipation of resuming business at some indefinite future time, however, are not deductible. Owen v. Commissioner, 23 T.C. 377 (1954). In the light of petitioner's unequivocal statements in his testimony herein that he went out of business in 1965 and merely anticipated that he might go into business again, [4] we believe that the present case more closely resembles that of a taxpayer who has terminated his or her business and incurs expenses in order to go into business anew. See Reisinger v. Commissioner, supra.Petitioner has not shown that he was in the *583 trade or business of selling ladies' ready-to-wear on his own account in 1974, and we hold that he is not entitled to any deduction for traveling expenses under section 162. Even if we assumed that petitioner could be considered as being in the trade or business of selling on his own account in 1974, we would still have to disallow the deduction for these traveling expenses. Traveling expenses must be substantiated by contemporaneously kept records or other evidence corroborating the taxpayer's testimony of the amount of the expense and the time, place, and business purpose of the travel. Sec. 274(d); [5] sec. 1.274-5(b)(2); Sanford v. Commissioner, 50 T.C. 823 (1968), affd. poer curiam 412 F.2d 201 (2d Cir.), cert. denied 396 U.S. 841 (1969). What records petitioner did keepo of his traveling expenses did not reflect the business purpose of the travel. Petitioner having failed to make or keep records to establish each of the requisite elements or to offer evidence corroborating them, respondent's disallowance *584 of the deduction must be sustained. Section 6653(a) provides an addition to tax if any part of the underpayment of tax "is due to negligence or intentional disregard of rules and regulations." Insofar as this record shows, the only difficulty with petitioner's records was the fact that he did not make and keep the type of records referred to in section 274(d) for the year before us. This does not require the conclusion that he was negligent or intentionally disregarded respondent's rules and regulations. Robinson v. Commissioner, 51 T.C. 520, 541-542 (1968), affd. per curiam 422 F.2d 873 (9th Cir. 1970). We believe and have found as a fact that petitioner's failure to keep such records was not due to his negligence or intentional disregard *585 of rules or regulations. We hold that petitioner is not liable for the addition to tax. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 6, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Petitioner also complains that the refund shown as due on his 1974 return was applied to prior years. Our jurisdiction in cases such as this is limited to a redetermination of the deficiency asserted by respondent for the year before us. We have no power to direct respondent as to the application of funds collected for the payment of taxes for other years.↩
4. "I wasn't in business. I just traveled to negotiate in case I go into business [again]." Transcript of hearing, p. 27.↩
5. SEC. 274(d). Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expenses * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * * [and] (C) the business purpose of the expense or other item * * *.↩