ROBERT L. VAN FOSSAN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Van Fossan v. Commissioner
Docket No. 29418-81.
United States Tax Court
T.C. Memo 1983-703; 1983 Tax Ct. Memo LEXIS 88; 47 T.C.M. (CCH) 411; T.C.M. (RIA) 83703; November 28, 1983. James G. Arthur, for the petitioner. Marga S. Richmond and Joseph T. Chalhoub, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax: Taxable year
Deficiency
1977
$2,857.14
1978
483.00
*89 After concessions by petitioner, the issue for decision is whether petitioner is entitled to a deduction for expenses under section 162(a) or section 212(2) [1] relating to the ownership and use of a condominium. This case was submitted fully stipulated and the facts as stipulated are found accordingly. Petitioner resided in Alexandria, Va., at the time he filed his petition herein. Petitioner has been one of the owners and the manager of the Beowulf Restaurant in Washington, D.C. since 1970. During the years in issue, he received a salary from the Beowulf Restaurant for his services as manager. The Summerhouse Corporation (the corporation) was formed in February 1977. During the years at issue, petitioner was president and treasurer of the corporation in addition to being a 50-percent shareholder in the corporation. During part of 1977, petitioner supervised construction of a restaurant, owned by the corporation, in Rehoboth, Del., as a part of his duties as an officer, *90 director, and shareholder of the corporation. After the restaurant opened, petitioner coordinated the management team throughout the balance of 1977 and 1978. The management team consisted of a general manager, a chef/kitchen manager, and a bartender/manager. Petitioner did not receive any compensation for the services performed in connection with the restaurant for the years 1977 and 1978. The restaurant operated from the middle of May through the middle of September of each year at issue. The corporation engaged in the operation of the restaurant for profit. During the summer months of the years at issue, petitioner worked at the restaurant four days a week, generally Friday through Monday, for approximately 10 to 15 hours per day. The rest of the week petitioner managed the Beowulf Restaurant. At each season's end, petitioner aided in closing the restaurant and arranged for security and maintenance for the months the restaurant was closed. During the months the restaurant was closed, petitioner supervised maintenance of the financial records, tax reporting, and other matters necessary to the maintenance of the corporation. During the spring of each year at issue, *91 petitioner supervised the opening of the restaurant and planning for the summer season. Petitioner has been a resident of Virginia for most of his life and a resident of Alexandria on and off for fifteen years. The distance from petitioner's Alexandria residence to the restaurant is approximately 126 miles. On December 15, 1976, petitioner purchased a condomimium located approximately 1-1/4 miles from the restaurant. When petitioner purchased the property, it was occupied by a tenant whose lease expired in May of 1977. On expiration of the lease, petitioner converted the property to his residence while in the Rehoboth area. Petitioner did not submit any claims for reimbursement to the corporation for his living expenses incurred while in Rehoboth during 1977 and 1978. On his 1977 and 1978 tax returns, petitioner claimed adjustments to income for employee business expenses (including depreciation) relating to his ownership and use of the condominium while working at the restaurant. Respondent allowed deductions for interest and taxes but disallowed the other expenses. Respondent does not dispute the amount of the deductions (other than depreciation) and petitioner has now *92 conceded that a different depreciation method should have been used. Thus, the amount of the deductions, as opposed to their availability, is not at issue. Petitioner contends that he is entitled to the deduction for his expenses incurred while he was in Rehoboth in connection with the affairs of the corporation either as ordinary and necessary business expenses pursuant to section 162(a) or as ordinary and necessary expenses paid for the management of property held for the production of income pursuant to section 212(2). The burden of proof is on petitioner. Rule 142(a). We hold that he has not carried his burden and that respondent's disallowance of the deductions for those expenses should be sustained. Petitioner served as an officer and director of the corporation without present or prospective compensation therefor. Such being the case, we cannot conclude that, for tax purposes, he was engaged in the trade or business of being an employee of the corporation. Hirsch v. Commissioner,315 F.2d 731, 737 (9th Cir. 1963), affg. a Memorandum Opinion of this Court; Low v. Nunan,154 F.2d 261, 264 (2d Cir. 1946), affg. a Memorandum Opinion *93 of this Court; Meyer v. Commissioner,T.C. Memo. 1983-208; Snarski v. Commissioner,T.C. Memo. 1981-328; Cowing v. Commissioner,T.C. Memo. 1969-135; Nichols v. Commissioner,T.C. Memo. 1963-148. See also Whipple v. Commissioner,373 U.S. 193 (1963). At best, he was preparing himself to engage in such trade or business. In this context, this expenses were incurred in preparing himself for a new business, separate from his activities for the Beowulf Restaurant and would not be deductible. Cf. Frank v. Commissioner,20 T.C. 511 (1953). [2] Petitioner suggests that the mere absence of compensation is not a sufficient ground for our conclusion, pointing to Rev. Rul. 57-502, 1957-2 C.B. 118. Aside from the fact that respondent's rulings are not binding upon us, see Estate of Smead v. Commissioner,78 T.C. 43, 47 n. 5 (1982), there is nothing in that ruling which supports the proposition that actual or anticipated receipt of income is not a prerequisite of engaging in a trade or business within the meaning of section 162(a). See Grossman v. Commissioner,T.C. Memo. 1974-269 n. 3. *94 In this connection, we note that the record herein is devoid of any evidence that petitioner might obtain compensation from the corporation fro future years for his efforts. The mere speculative possibility of such compensation does not provide a sufficient foundation for concluding that petitioner was engaged in a trade or business. See Whipple v. Commissioner,supra at 203; Grossman v. Commissioner,supra.
Substantially the same rationale which has caused us to deny the deduction under section 162(a) is equally applicable with respect to the applicability of section 212(2). Low v. Nunan,supra;Grossman v. Commissioner,supra;Cowing v. Commissioner,supra;Nichols v. Commissioner,supra.
The fact of the matter is that petitioner's expenses were incurred in the course of carrying on activities which were directly related to the production of income to the corporation *95 and the management of the corporation's property and affairs rather than to the production of income to petitioner and the management of his income-producing property. Deputy v. du Pont,308 U.S. 488 (1940). See Klein v. Commissioner,T.C. Memo. 1982-724, and cases discussed therein; O'Connor v. Commissioner,T.C. Memo. 1954-90. In view of our holding, we find it unnecessary to deal with the alternative issue raised by respondent by way of amendment to answer, to wit, that any deduction otherwise allowable to petitioner would be precluded by section 280A. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. In the instant case, we do not have the temporary cessation of the receipt of income from employment such as existed in Haft v. Commissioner,40 T.C. 2↩ (1963).