T.C. Summary Opinion 2004-64


UNITED STATES TAX COURT


RAYMOND J. DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4536-03S.               Filed May 14, 2004.


Raymond J. Davis, pro se.

<u>Jeremy L. McPherson</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard under the
provisions of section 7463 of the Internal Revenue Code as in
effect at the time the petition was filed.  Unless otherwise
indicated, all other section references are to the Internal
Revenue Code in effect for the years at issue.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined deficiencies in petitioner's Federal income taxes of $2,526 for 1999 and $3,819 for 2000. The issues for decision are whether petitioner, for both years, properly reported pension income and is entitled to claim trade or business expense deductions. Respondent's adjustments to petitioner's itemized deductions and the taxable amount of his Social Security benefits are computational and will be determined by the Court's resolution of the income and expense issues.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Sacramento, California.

## Background

There is no disagreement among the parties as to the facts in this case, which are almost fully stipulated. Before his retirement in 1990, petitioner was self-employed as an independent insurance agent for the New York Life Insurance Company (company). After a surgery, petitioner retired on disability due to heart-related health problems. Upon his retirement, the company transferred his clients to another insurance agent and began paying pension distributions to petitioner. There is no indication that there was any understanding that he would return to his position as an agent for the company.

During 1999 and 2000, the company paid taxable pension benefits to petitioner of $29,012.40 and $30,012.40, respectively. The company issued to petitioner and the Internal Revenue Service Forms 1099R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, Insurance Contracts, etc.

For each of the years 1999 and 2000, petitioner attached a Schedule C, Profit or Loss From Business, to his Federal income tax return. On the 1999 schedule he describes his business or profession as "LIFE INS SALES". The gross receipts that petitioner reported on both Schedules C consisted of the pension benefits paid to him by the company. Petitioner did not sell or attempt to sell any insurance products during any part of 1999 or 2000.

Petitioner, however, did not remain idle during his retirement. During the years at issue, petitioner maintained contact with his former insurance clients, performing various services such as assisting with changes to beneficiaries, addresses, and income tax withholdings. Petitioner, however, received no compensation for the services he performed. In February of 2000 petitioner had another heart surgery and after a year he found out that he would no longer be able to perform services for his former clients.

Upon examining petitioner's returns for the years in contest, the Commissioner determined that petitioner's income was reportable as pension income and not as Schedule C income. Respondent also determined that because petitioner was not engaged in a trade or business or an activity for the production of income, he is not entitled to the deductions claimed on the Schedules C.

## Discussion

Because there is no factual dispute in this case, section 7491 is inapplicable.

Section 162 allows a deduction for certain expenses incurred "in carrying on" a trade or business. During the years at issue, petitioner was retired due to disability and not engaged in a trade or business or an activity for profit. Petitioner received only pension income; he did not receive any gross receipts or sales amounts. But petitioner argues that he intended to reenter the insurance business, at some point, and the expenses he incurred are therefore deductible business expenses.

Petitioner's argument raises the issue of the "hiatus principle", where the temporary cessation of a trade or business does not preclude a determination that the taxpayer was "carrying on" a trade or business during that period. See Haft v. Commissioner, 40 T.C. 2, 6 (1963); Sherman v. Commissioner, T.C. Memo. 1977-301 (and cases cited therein). Under the principle, a

taxpayer must show that during the hiatus he intended to resume the same trade or business. Gallo v. Commissioner, T.C. Memo. 1998-100.

Petitioner testified that upon his retirement he intended to resume his insurance business as soon as he could. When questioned as to his state of mind after the sixth, seventh or eighth year of retirement, petitioner replied that he was still too ill to return to work but was "hopeful" that he could return eventually. In reply to the question as to his state of mind after the 10th or 11th year of retirement, petitioner testified that he still held out "hope", but he admitted that he "was wondering about it".

The cases apply the hiatus principle to "temporary" cessations of business. When, however, the cessation is prolonged, with no continuing connection with the trade or business or intent to actively carry on the trade or business, the taxpayer is not "carrying on" his trade or business while on "hiatus". See Estate of Rockefeller v. Commissioner, 762 F.2d 264, 270-271 (2d Cir. 1985), affg. 83 T.C. 368 (1984); Canter v. United States, 173 Ct. Cl. 723, 354 F.2d 352 (1965) (4 years is not "temporary"); Corbett v. Commissioner, 55 T.C. 884 (1971).

The Court finds petitioner to have been an exceptionally conscientious insurance agent and genuinely loyal to his former clients. But that does not mean that he was "carrying on" a

trade or business during 1999 and 2000.  The Court concludes that what petitioner describes as an "intent" to return at some indefinite future time to his former business was, in view of the state of his health and the passage of time, more of a wish or desire.  Petitioner admitted that by then he "was wondering about" whether he would ever be able to return.  Even if petitioner initially had the intent to return to his former business after his retirement in 1990, by the time of the tax years at issue here, his hiatus was no longer "temporary".  The Court concludes that petitioner was not engaged in a trade or business or an activity for profit in 1999 and 2000.

The Court sustains respondent's determination that for 1999 and 2000, petitioner's pension income is not reportable on Schedule C and petitioner did not incur ordinary and necessary business expenses deductible on Schedule C.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.