T.C. Summary Opinion 2008-22


UNITED STATES TAX COURT



VERONICA L. FOSTER,[1] Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20500-06S.          Filed February 28, 2008.



George I Goverman, for petitioner.

Erika B. Cormier, for respondent.



PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not

_____

[1] Petitioner married after filing the petition.  Her name is now Veronica Lucy Leahy.  The parties did not request that the caption of this case be changed.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,436 in petitioner's 2002 Federal income tax and an accuracy-related penalty under section 6662 of $287.20.

The issues for decision are: (1) Whether petitioner is entitled to deduct the expenses of her master of business administration (M.B.A.) program at Harvard Business School (HBS); and (2) whether petitioner is liable for the section 6662 penalty for negligence or disregard of rules or regulations.

### Background

The parties stipulated some of the facts, and they are so found. We incorporate the stipulation of facts and the attached exhibits herein by this reference. Petitioner resided in California when she filed the petition in this case.[2]

---

[2] The Court conducted the trial of this case in Boston, Mass., as petitioner requested. Petitioner did not attend the trial. Presumably, she still lived in California at the time of trial. As will be discussed infra, petitioner did not provide any testimony at trial. The record is thus limited to the stipulation of facts with attached exhibits, matters deemed admitted, Rule 90(c), and additional exhibits admitted in evidence at trial.

Petitioner earned a bachelor of engineering degree from the University of Canterbury in New Zealand in 1995. This degree is the equivalent of a bachelor of science in chemical engineering in the United States. Petitioner's undergraduate studies did not include business or business management.

Petitioner worked for International Food and Beverage Services, an engineering consulting company, as a project manager on the upgrade of a milk factory in Sydney, Australia, before she moved to the United States.

In February 2001 HBS offered petitioner admission to the M.B.A. class of 2003, entering in September 2001. HBS expressly conditioned its offer on petitioner's completing certain academic requirements, including courses in finance and accounting, before matriculation. Petitioner accepted the HBS offer and moved to the United States to pursue her M.B.A. At that time, she did not have a specific job arranged for after graduation.

During her M.B.A. studies, as part of her practical curriculum training, petitioner worked at Snapple Beverages Corp. (Snapple) as a corporate strategy consultant. She completed marketing projects related to beverage consumption in the United States and to Snapple strategy and profitability.

On April 8, 2003, Refreshment Brands, Inc. (Refreshment Brands), a beverage company in California, offered petitioner the

position of vice president of marketing at an annual salary of $117,500. Petitioner accepted the offer on April 11, 2003.

Petitioner's 2002 Form 1040NR, U.S. Nonresident Alien Income Tax Return,[3] was prepared by a tax return preparer on April 28, 2003. Petitioner signed her return on May 6, 2003, and stated her occupation in the United States as "Management". On Schedule A, Itemized Deductions, petitioner claimed the fees and tuition expenses she paid in 2002 for the M.B.A. program as unreimbursed employee expenses.[4]

In 2003 petitioner graduated from HBS with an M.B.A. and began working as vice president of marketing for Refreshment Brands. The record includes a letter prepared by that company in support of its petition for an H-1B Visa for petitioner.[5] Under the heading "Specialty Occupation", that letter stated:

> Ms. Foster will be employed in the specialty occupation of Vice President of Marketing. In this position, she will be responsible for Brand management, including a marketing plan, interfacing with advertisement agencies, developing and implementing budgets, developing POP materials,

---

[3] Petitioner was a citizen of New Zealand in 2002.

[4] Petitioner listed $2,950 in fees and $30,050 in tuition, for a total of $33,000 of unreimbursed employee expenses. After reduction by 2 percent of her adjusted gross income ($292), petitioner deducted $32,708 on line 15 of Schedule A, Itemized Deductions.

[5] An H-1B petition is filed by an employer with the Department of Homeland Security to seek permission for an alien specialty worker to begin or continue working in the United States. The specialty worker is expected to possess professional education, skills, and/or equivalent experience.

developing and implementing distributor programs and local marketing, as well as assisting designers on retooling and repositioning existing brands.  Ms. Foster will further be involved in new product development, in which she will market research on product and flavor trends, and work with designers on the development of packaging.

The position of Vice President of Marketing requires theoretical and practical application of highly specialized knowledge and attainment of a Bachelor's Degree in Business Administration or equivalent.  The position requires at least a Bachelor's degree in a field related to the specialty occupation.

Petitioner did not work in marketing before moving to the United States and commencing her studies leading to an M.B.A.

Respondent determined that petitioner was not entitled to deduct her education expenses and issued a notice of deficiency on July 12, 2006.  Petitioner timely petitioned this Court for redetermination.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records,

and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

With respect to the section 6662 penalty, pursuant to section 7491(c), the Commissioner bears the burden of production and must produce sufficient evidence showing that the imposition of the penalty is appropriate in a particular case. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); Higbee v. Commissioner, supra at 447. To the extent the taxpayer shows there was reasonable cause for an underpayment and that she acted in good faith, section 6664(c)(1) prohibits the imposition of a penalty under section 6662.

Education Expenses

As a general rule, section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Expenditures made by an individual for education are deductible as ordinary and necessary business expenses if the education maintains or improves skills required by the individual in her employment or other trade or business. Sec. 1.162-5(a), Income Tax Regs.

However, this general rule does not apply if the expenditures fall within either of two specified categories,

because those types of education expenses "are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible". Sec. 1.162-5(b)(1), Income Tax Regs. These nondeductible educational expenses are those incurred to meet the minimum educational requirement for qualification in a taxpayer's trade or business and those which qualify a taxpayer for a new trade or business. Sec. 1.162-5(b)(2) and (3), Income Tax Regs.

### A. Minimum Education Requirement

In seeking the H-1B specialty worker visa for petitioner, Refreshment Brands described her responsibilities in marketing terms. The company also stated that the general education requirement was a bachelor's degree in a related field and that the specific education requirement was a bachelor's degree in business administration or the equivalent. Before receiving her M.B.A., petitioner had an engineering degree but no business degree. The engineering credential satisfied the general education requirement but not the job-specific requirement of a degree in business administration. Only her M.B.A. qualified her for the job. Accordingly, we find that her M.B.A. education was necessary to satisfy the minimum education requirements for her new trade or business of marketing.

Petitioner's counsel argued that respondent gives too much emphasis to petitioner's title at Refreshment Brands and that her

title did not accurately describe her role at the company. He suggests that the company hired petitioner for her knowledge of the beverage industry and not for her marketing knowledge. Petitioner's counsel tried to show that her experience at Snapple and her education at HBS were probably irrelevant to most of Refreshment Brands's promotion activity. Petitioner's counsel did not elicit any testimony or introduce sufficient evidence to convince the Court of this interpretation of petitioner's career progression. In any event, even if we were so convinced, we would still need to consider the second disqualification category in section 1.162-5(b), Income Tax Regs.

B. Qualification for New Trade or Business

Petitioner's counsel argues that petitioner was involved in management for beverage companies before and after earning her M.B.A. and that her new degree merely maintained or improved her skills in working as an entrepreneur, project manager, or supervisor in the beverage industry. Whether education maintains or improves skills required by the individual in her employment is a question of fact. Boser v. Commissioner, 77 T.C. 1124, 1131 (1981). A taxpayer must demonstrate a direct and proximate relationship between the education and the skills required in her employment. Kornhauser v. United States, 276 U.S. 145, 153 (1928); Schwartz v. Commissioner, 69 T.C. 877, 889 (1978).

Petitioner left her position as an engineer in New Zealand to come to the United States and pursue an M.B.A. She left with no promise of a specific job waiting for her once she completed the degree. A currently unemployed taxpayer can remain engaged in a trade or business in which she was previously involved and to which she intends to return. Haft v. Commissioner, 40 T.C. 2, 6 (1963). Accordingly, the absence of specific employment does not necessarily mean that petitioner left her trade or business, provided that she intended to return to that trade or business after she completed her education.

There is no dispute that before and after her M.B.A., petitioner worked in the beverage industry. The proper focus, however, is on the effect petitioner's M.B.A. had on the jobs she was qualified to perform rather than on the industry within which she labored. When education qualifies a taxpayer to perform significantly different tasks and activities from those she could perform before, then that education is deemed to qualify the taxpayer for a new trade or business. Robinson v. Commissioner, 78 T.C. 550, 552 (1982). Petitioner must therefore prove that her M.B.A. did not qualify her to perform significantly different tasks from those she performed in New Zealand when working as an engineer. We are instructed to apply an objective standard in considering whether specific education qualifies a taxpayer for a new trade or business. Id. at 556-557.

The Court accepts petitioner's contention that the M.B.A. improved her project management skills. By taking management courses, she likely improved her ability to design and supervise operations, teams, and projects. Accounting and finance courses likely improved her ability to manage budgets and to project costs. We note, however, that the HBS requirement that petitioner study accounting and finance before matriculation indicates that HBS demanded greater mastery of these areas (not only greater than petitioner possessed before the M.B.A. but also greater than her job as an engineer required). Undoubtedly, petitioner gained even greater mastery while at HBS.

As part of her M.B.A. curriculum, petitioner extensively studied marketing, an area her engineering studies did not cover.[6] "An individual who, through education, improves * * * [her] skills in an existing trade or business may also become qualified for a new trade or business." Thompson v. Commissioner, T.C. Memo. 2007-174. In Thompson, an aeronautical engineer's flight and pilot lessons improved his skills as an engineer but also qualified him for a new trade or business as a pilot and, therefore, were not deductible.

Before the M.B.A., petitioner worked in New Zealand as an engineer. While pursuing the M.B.A., she worked for Snapple in

_____

[6] In addition to one required marketing course and three required courses in finance and financial reporting, petitioner took three marketing electives and one finance elective.

marketing. After the M.B.A., she joined Refreshment Brands as its new vice president of marketing. Because petitioner has not demonstrated that she was qualified to work in marketing before she began studying at HBS, we find that the M.B.A. qualified her for a new trade or business.

Petitioner's counsel relies on three cases he asserts buttress petitioner's position. In Glenn v. Commissioner, 62 T.C. 270 (1974), we held that a public accountant could not deduct expenses incurred preparing for and taking a certified public accountant examination because certified public accountants are in a different trade or business from public accountants, on the basis of an analysis of the tasks and activities they are qualified to perform. This case is not helpful to petitioner because, while she may be better qualified with the M.B.A. to work as a project manager for an engineering consulting company, she is also qualified to perform myriad business, management, finance, and marketing tasks she was not qualified to perform before receiving her M.B.A.

In Sherman v. Commissioner, T.C. Memo. 1977-301, we held that the taxpayer had established that he was engaged in business administration before going to HBS and that he stayed in that field after graduation. The taxpayer in Sherman, like petitioner, needed neither a leave of absence nor the intention to return to the same position. Unlike the taxpayer in Sherman,

however, petitioner has not demonstrated that her trade or business was business administration before HBS.  Rather, the record reflects that she was qualified to work as an engineer before HBS and as a marketing executive afterward.  Engineering project management and business administration are not the same trade or business.[7]

Finally, petitioner's counsel relies on Allemeier v. Commissioner, T.C. Memo. 2005-207, where the taxpayer was already performing sales, marketing, and management functions before receiving his M.B.A. and continued to do so while studying for and after receiving it.  In that case, we held that the M.B.A. expenses were not conditions precedent to his employment and also did not qualify him for a new trade or business.  The M.B.A. did improve his business, marketing, and sales skills, but the M.B.A. did not qualify him to perform tasks and activities significantly different from those he could perform before the M.B.A.  In contrast to the taxpayer in Allemeier, petitioner has not demonstrated her involvement in nonengineering management before

---

[7] In accord with our holding in Schneider v. Commissioner, T.C. Memo. 1983-753, the assertion that a taxpayer is in the business of being a manager is too amorphous to meet the requirements of sec. 1.162-5, Income Tax Regs.  A chef manages her kitchen; a teacher manages her classroom; a consulting engineer overseeing a factory upgrade manages her project; a vice president of marketing manages the advertising, packaging, promotion, and marketing of her company's products.  While each "manager" manages, administrates, supervises, and plans, each is certainly engaged in a different trade or business.

receiving her M.B.A.; rather, her M.B.A. qualifies her for the trade or business of business management. Likewise, petitioner has not proven that her engineering roles included marketing duties; yet, her position as vice president of marketing indicates that she was so qualified after the M.B.A.[8]

We conclude that petitioner's education expenses are properly considered personal or capital expenditures not only because the M.B.A. met the minimum education requirements of her position at Refreshment Brands but also because the M.B.A. qualified her for a new trade or business. Personal expenses are nondeductible under section 262, and capital expenditures are nondeductible under section 263. On the record before the Court, even though petitioner remained in the beverage industry, her HBS education significantly changed her role in that industry, and that change compels the conclusion that she may not deduct those expenses. Respondent's determination is sustained.

---

[8] As indicated, this case was tried in Boston, Mass., pursuant to petitioner's designation. Petitioner's counsel presented the case at trial without petitioner's testimony and attempted to prove the case through various documents. The Court sustained respondent's authenticity and hearsay objections to most of the documents petitioner's counsel sought to introduce. As a result of her failure to testify, the Court is left with a limited record. See supra note 2. It would have been most helpful if petitioner had provided an explanation of her duties before and after receiving the M.B.A. See McIlvoy v. Commissioner, T.C. Memo. 1979-248; see also Hudgens v. Commissioner, T.C. Memo. 1997-33.

Section 6662 Accuracy-Related Penalty

Respondent determined a 20-percent penalty under section 6662(a) on the underpayment of tax resulting from the disallowed education expense deduction.  Respondent asserts that the underpayment is attributable to negligence or disregard of rules or regulations.  See sec. 6662(b)(1).  For the purpose of section 6662, negligence includes any failure to make a reasonable attempt to comply with tax laws, and disregard includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).

Section 6664 provides a defense if a taxpayer establishes that there was reasonable cause for the underpayment and that she acted in good faith with respect to that portion.[9]  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.; see also United States v. Boyle, 469 U.S. 241, 243 (1985); Higbee v. Commissioner, 116 T.C. at 448.  Although not defined in the Code, "reasonable cause" is viewed in the applicable regulations as the exercise of "ordinary business care and prudence".  Sec.

---

[9] Petitioner's counsel argued that the sec. 6662 accuracy-related penalty should be reduced because substantial authority exists to support petitioner's deduction of her M.B.A. expenses, citing sec. 6662(d)(2)(B)(i).  Counsel's reliance on that section is misplaced because sec. 6662(d) relates to accuracy-related penalties imposed on substantial understatements of income tax under sec. 6662(b)(2).  In this case, however, the misconduct for which respondent seeks to impose the accuracy-related penalty is negligence under sec. 6662(b)(1), not a substantial understatement under sec. 6662(b)(2).  Sec. 6662(d)(2)(B)(i) is inapposite.

301.6651-1(c)(1), Proced. & Admin. Regs.; see <u>United States v.</u>
<u>Boyle</u>, <u>supra</u> at 246. The determination of whether a taxpayer
acted with reasonable cause and in good faith is made on a
case-by-case basis, taking into account all the pertinent facts
and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Generally, the most important factor is the extent of the
taxpayer's effort to assess the proper tax liability, including
reliance on the advice of a tax return preparer. However,
reliance on a professional adviser, alone, is insufficient; the
reliance must be reasonable, and the taxpayer must act in good
faith. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent argues that petitioner's failure to investigate
fully the propriety of this deduction is a clear indicium of
negligence, because any reasonable taxpayer would recognize that
an allowable deduction for all the expenses of an advanced degree
is probably too good to be true.[10]

However, in providing a reasonable cause and good faith
exception to the section 6662 penalty, section 1.6664-4, Income
Tax Regs., also provides a relevant example wherein a taxpayer
engages a professional tax adviser for advice on the

---

[10] Respondent relies on sec. 1.6662-3(b)(ii), Income Tax
Regs., which states that negligence is strongly indicated where
"A taxpayer fails to make a reasonable attempt to ascertain the
correctness of a deduction, credit or exclusion on a return which
would seem to a reasonable and prudent person to be 'too good to
be true'".

deductibility of certain items, provides the adviser with all of the relevant facts, and then follows the adviser's advice that the items are fully deductible. Such a taxpayer may be considered to have demonstrated good faith by seeking professional advice and to have shown reasonable cause for any underpayment attributable to that deduction. Sec. 1.6664-4(b)(2), Example (1), Income Tax Regs. However, a finding of reasonable cause and good faith requires that the adviser considered all pertinent facts and circumstances, was knowledgeable in the relevant aspects of Federal tax law, and made no unreasonable assumptions. Sec. 1.6664-4(c), Income Tax Regs.

On the evidence and argument presented by her counsel, petitioner's assertion that her trade or business had not changed relies mostly on her employment in the same industry before and after the M.B.A., not on a detailed analysis of her positions. Furthermore, as discussed, only her M.B.A. met the specialty education requirements of Refreshment Brands; namely, a degree in business administration. Respondent has met his burden of production under section 7491(c) to show that imposing the section 6662 accuracy-related penalty is appropriate.

Petitioner had received and accepted the job offer from Refreshment Brands before she filed her 2002 Federal income tax return. On that return, she listed her occupation in the United

States as "Management", not engineering.  Therefore, at the time she filed her 2002 Federal income tax return, she knew where and in what capacity she would be working after graduation. Petitioner has not produced any evidence that she provided any, let alone all, of the pertinent details of her employment before and after her M.B.A. to her tax return preparer.[11]

Petitioner has not shown that she acted in good faith in deducting her M.B.A. expenses, that she had reasonable cause for her position, or that she expended any effort in trying to assess the proper tax treatment for these expenses.  Petitioner has failed to carry her burden under Rule 142(a) to introduce persuasive evidence that respondent's determination is incorrect. See Higbee v. Commissioner, 116 T.C. at 446.

---

[11] As noted supra, petitioner chose not to appear at trial. Had petitioner appeared, she might have been able to provide the specific facts she actually related to her return preparer to enable that professional to conduct a properly informed analysis. At trial, petitioner's counsel stated that petitioner had not been offered the position in marketing at Refreshment Brands, Inc. at that time in 2003.  The record reflects, however, that she had not only received but also accepted the job offer when she filed her 2002 tax return.  Counsel then argued that even if petitioner had reviewed the Code, regulations, Internal Revenue Service publications, and the relevant cases, she would not have reached a conclusion different from her tax return preparer's or been better able to reach the correct result than they.  This argument asks the Court to assume the very facts that petitioner must prove to demonstrate that she acted with reasonable cause and in good faith.

Respondent's determination that petitioner is liable for the section 6662(a) penalty is sustained.

To reflect the foregoing

<u>Decision will be entered</u>

<u>for respondent</u>.