T.C. Memo. 2018-186

UNITED STATES TAX COURT

MAX SUTHERLAND AND ERIC P. DECKER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13285-17.                                    Filed November 5, 2018.

Max Sutherland and Eric P. Decker, pro sese.

Lawrence D. Sledz and Rubinder K. Bal, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: Respondent determined deficiencies of $2,066 and
$4,418 and accuracy-related penalties pursuant to section 6662(a) of $413 and
$884 with respect to petitioners' Federal income tax for 2013 and 2014 (years at
issue), respectively. All monetary amounts are rounded to the nearest dollar.

[*2] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions the issue before the Court is whether petitioners are entitled to deductions claimed on their Schedules A, Itemized Deductions, for: (1) Mr. Sutherland's job search expenses, (2) Mr. Decker's unreimbursed employee business expenses, and (3) a medical expense deduction of $3,198 for 2014.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. Mr. Sutherland and Mr. Decker resided in Georgia when they timely filed their petition.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for each of the years at issue. On petitioners' Schedule A for 2013 respondent disallowed itemized deductions for unreimbursed employee business expenses of $14,880. Of this amount, Mr. Sutherland claimed $13,475 as job search expenses, and Mr. Decker claimed $1,135 as unreimbursed employee business expenses.

For 2014 respondent disallowed itemized deductions on petitioners' Schedule A for unreimbursed employee business expenses of $27,055. Of this

[*3] amount, Mr. Sutherland claimed $25,945 as job search expenses, and Mr. Decker claimed $1,110 as unreimbursed employee business expenses. After concessions, discussed infra pp. 14-15, respondent also disallowed $3,198 for transportation and mileage costs relating to petitioners' medical expense deduction.

Mr. Sutherland's Job Search Expenses

Since 1988 Mr. Sutherland had worked as a business consultant. In July 2010 Mr. Sutherland was hired by CeaderCrestone, Inc., and signed a one-year noncompete agreement with that company. His employment with CeaderCrestone, Inc., was terminated on April 30, 2011. Mr. Sutherland was unemployed during the years at issue.

For the years at issue Mr. Sutherland reported job search expenses, which included costs of preparing and sending "value proposition decks"[1] to potential employers, computer and office supplies, internet services, and networking expenses largely consisting of meals, entertainment, and transportation costs. Mr. Sutherland also included expenses for out of town trips to network with potential employers and attend conferences, including multiple trips to Florida near where

---

[1]The value proposition deck provided information on Mr. Sutherland's background and how he could assist a company if hired.

[*4] his parents lived, and trips to Tennessee, New York, and Germany, where he was accompanied by Mr. Decker.

Mr. Decker's Unreimbursed Employee Business Expenses

During 2013 Mr. Decker worked as an employee of Thomasville Retail, Inc. (Thomasville), Heritage Home Group, LLC (Heritage), and Sur La Table, Inc. He was employed by Heritage during 2014. Thomasville was owned by Furniture Brands International (Furniture Brands) in 2013. Furniture Brands was subsequently purchased by Heritage in 2013.

Furniture Brands' employee expense reimbursement policy addressed the requirements for reimbursable meals and entertainment expenses with other employees or while out of town.[2] Under that policy meals were reimbursed in four circumstances: (1) when a client was present, (2) when at least one company employee was from out of town, (3) when business was conducted off company premises for confidentiality purposes, and (4) when a member of the executive leadership team authorized the expense for testimonial, reward, or recognition purposes.

---

[2]Furniture Brands' employee expense reimbursement policy was in effect during both of the years at issue.

**[\*5]**  During the years at issue Mr. Decker reported unreimbursed employee business expenses for meals and entertainment to periodically recognize members of his sales team and staff, expenses for "team building exercises", amounts spent when he traveled out of town for "market trips", and mileage to and from restaurants when he took his employees.  No clients were present during any of these occasions.  Mr. Decker was not a member of the executive leadership team, nor did he seek approval for or reimbursement of his claimed unreimbursed employee business expense deductions listed on his Schedules A for the years at issue.

2014 Medical Expense Deduction

On their jointly filed 2014 Form 1040, petitioners deducted $13,042 in medical expenses on Schedule A, of which respondent disallowed $4,757.  Respondent conceded an additional $1,559 in allowable medical expense deductions.  After concessions $3,198 for mileage relating to the medical expenses remains in dispute.  Respondent disallowed deductions for these remaining expenses for lack of substantiation.

**[*6]**                                    OPINION

## I.      Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a) in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have neither shown nor claimed that they meet the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue. Accordingly, the burden of proof remains with petitioners.

## II.     Schedule A Deductions

Section 162(a) permits a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Whether an expenditure is ordinary and necessary is generally a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. at 113. The expense must directly connect with or pertain to

[*7] the taxpayer's business.  Sec. 1.162-1(a), Income Tax Regs.  Pursuant to section 262(a), in general, personal, living, or family expenses are not allowed as a deduction.

Deductions are a matter of legislative grace, and taxpayers must prove their entitlement to any deduction allowed by the Code.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  To that end, taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  This principle is often referred to as the Cohan rule.  See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197.

Certain expenses specified in section 274, such as vehicle expenses, travel expenses, and expenses for meals and entertainment, are subject to strict substantiation rules.  See sec. 274(d)(1), (2), (4).  Notably, section 274(d)

**[*8]** overrides the Cohan rule and precludes the Court from estimating the amount of a deductible expense listed in that Code section. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language) (noting that section 274 supersedes the Cohan rule).

To meet the heightened substantiation requirements in section 274(d), a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) the business relationship to the taxpayer of the persons entertained (for meals and entertainment expenses). Substantiation by adequate records requires the taxpayer to maintain an account book, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The records and documentary evidence of the taxpayer's expense must establish each element of the expense. See Rutz v. Commissioner, 66 T.C. 879, 882-883 (1976). Section 274(n)(1) further limits the allowable deduction for meals and entertainment expenses to 50% of the actual expense incurred.

**[*9]** A.     Mr. Sutherland's Job Search Expenses

Section 162(a) allows taxpayers to deduct expenses paid in searching for new employment within the same trade or business.  See Primuth v. Commissioner, 54 T.C. 374, 378 (1970).  A taxpayer's ultimate success (or lack thereof) in securing employment is irrelevant to the analysis of the deductibility of job search expenses.  Cremona v. Commissioner, 58 T.C. 219, 221-222 (1972).  Taxpayers must show that the expenses in question are proximately related to their trade or business.  Haft v. Commissioner, 40 T.C. 2, 6 (1963).

Likewise, a taxpayer may be carrying on a trade or business even though unemployed at the time the expenditures are paid.  Damron v. Commissioner, T.C. Memo. 1983-451.  During temporary periods of unemployment, job search expenses can be considered and deducted as trade or business expenses if the expenses are paid during a "reasonable period of transition" between leaving one position and obtaining another.  Haft v. Commissioner, 40 T.C. at 6.

Mr. Sutherland testified that he lost his job in April 2011 and remained unemployed through the years at issue.  As an unemployed business consultant, Mr. Sutherland contends that he paid expenses during the years at issue in search of employment within the field in which he previously worked.  Most of Mr. Sutherland's reported job search expenses consist of meals, entertainment, and

[*10] transportation costs.  We need to determine whether Mr. Sutherland may deduct the reported job search expenses, and our decision depends on his ability to substantiate those expenses, some of which are subject to the heightened substantiation requirements of section 274(d).

Mr. Sutherland testified that he created "value proposition decks" that demonstrated his previous experience and accomplishments.  He sent these decks along with cover letters to companies where he sought consulting employment.  Mr. Sutherland listed expenses related to these value proposition decks for 2013 and 2014.  These expenses include binding, material, and mailing.  We conclude that Mr. Sutherland used the value proposition decks to seek employment.  Accordingly, we will allow expense deductions for 2013 and 2014 which pertain to the value proposition decks.  However, we will not allow deductions for computer supplies since there is no evidence that the supplies were not used for personal use.

Most of Mr. Sutherland's reported job search expenses consist of meals, entertainment, and transportation costs.  Mr. Sutherland must show that he meets the heightened substantiation requirements of section 274(d) for these expenses.  Mr. Sutherland provided respondent with receipts documenting his alleged job search expenses.  Additionally, in preparation for respondent's examination Mr.

[*11] Sutherland created spreadsheets of his job search expenses from these receipts, including his transportation costs. Respondent contends that Mr. Sutherland's claimed business trips were personal.

Specifically, respondent argues that Mr. Sutherland traveled to Florida on multiple occasions primarily to visit his aging parents. During each trip to Florida Mr. Sutherland stayed with his parents in their home near Tampa Bay and helped his mother care for his father. One such trip to Florida occurred during the Independence Day holiday. In some instances the length of the trips and the dates of travel often did not correspond with the alleged networking and conference dates Mr. Sutherland provided. For example, on one occasion Mr. Sutherland traveled to his parents' home on October 16, 2014, to attend a conference in Orlando, Florida, that commenced on October 21, 2014, five days after his arrival.

Respondent contends that as part of his reported expenses for out of town networking and conference trips, Mr. Sutherland included travel and meal expenses for Mr. Decker, who accompanied Mr. Sutherland on trips to New York, Tennessee, and Germany. Mr. Sutherland contends that Mr. Decker drove him to and from meetings. We do not think this is a necessary business reason. Petitioners offered no contemporaneously kept evidence that the travel and meal expenses were in any way related to Mr. Sutherland's job search.

**[\*12]** Although Mr. Sutherland provided documentary evidence of his reported meals, entertainment, and transportation expenses, he has failed to meet the substantiation requirements in section 274(d). Mr. Sutherland provided respondent with receipts of his reported job search expenses and spreadsheets made in anticipation of examination; he failed to keep any contemporaneous documentation supporting his local and out of town job search expenses. Further, most of the out of town travel expenses reported suggest personal reasons for such travel. Without meeting the substantiation requirements of section 274(d) and demonstrating a bona fide business purpose for the alleged job search expenses reported, we conclude that petitioners are not entitled to deduct them.[3]

### B.      Mr. Decker's Unreimbursed Employee Expense Deductions

A taxpayer may engage in the trade or business of "being an employee". O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). Pursuant to section 162(a) a taxpayer may deduct unreimbursed employee expenses as an ordinary and necessary business expense. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). Such

---

[3]Even if we found that the reported expenses were primarily paid for bona fide business purposes, petitioners claimed a deduction for the entire costs of meals and entertainment rather than the 50% deduction allowed under the Code. A deduction for meals and entertainment is reduced to 50% of the actual costs paid. See sec. 274(n)(1).

[*13] deductions are allowed only to the extent that the total deduction exceeds 2% of adjusted gross income.  Sec. 67(a).

Mr. Decker reported expenses of $1,135 and $1,110 for meals and entertainment as unreimbursed employee business expenses for the years at issue, respectively.  The claimed unreimbursed employee business expense deductions were for meals and entertainment for team building and recognition of his employees, and for meals while out of town on company business.  Mr. Decker did not have executive-level approval for the meals and entertainment expenses for his staff.  Nor did he seek reimbursement for any of the expenses from Furniture Brands.

According to Furniture Brands' reimbursement policy, expenses paid with personal funds were reimbursable in specific circumstances.  One of the expenses for which reimbursement is allowable is for testimonial, reward, or recognition purposes if a member of the executive leadership team has authorized the expense.

Mr. Decker is engaged in the business of being an employee.  Because he could have sought reimbursement for his expenses from his employer but failed to do so, we find that he cannot claim these expenses on petitioners' Schedules A as unreimbursed employee business expense deductions.  Even if we allowed these reported expenses as a deduction, Mr. Decker has failed to meet the strict

**[\*14]** substantiation requirements of section 274(d) by not contemporaneously maintaining a log, account book, or similar record of the expenses.

C.      Medical Expense Deductions

Section 213(a) allows a deduction for "expenses paid during the taxable year, not compensated by insurance or otherwise, for medical care of the taxpayer" to the extent that such expenses exceed 10% of the taxpayer's adjusted gross income.  "Medical care" includes amounts paid "for transportation primarily for and essential to medical care".  Sec. 213(d)(1)(B).  A taxpayer is generally required to keep sufficient records to enable the Secretary to determine the taxpayer's correct income tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  The regulations promulgated under section 213 also require that taxpayers adequately substantiate their claimed medical expense deductions.  Sec. 1.213-1(h), Income Tax Regs.

The remaining $3,198 of medical expenses at issue are mostly transportation costs associated with seeking medical attention.  Petitioners provided no mileage logs to substantiate the claimed mileage.  They provided only a total mileage amount that corresponds to each medical expense without substantiating where the trip originated, what vehicle was used, or any other evidence to substantiate the reported expense.  Neither were the other medical expenses properly substantiated.

**[*15]** We find that petitioners have not met their burden of substantiating the disputed $3,198 of medical expenses and are not entitled to a deduction for that amount.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.